FILED
NOV 1 7 2010

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ERICK T. MOORE,                                    Case No. CV 09-746-AC

                         Plaintiff,                OPINION AND ORDER

          v.

JOHN E. POTTER, Postmaster
General,

                         Defendant.

*Opinion*

     Before the court is defendant John E. Potter, Postmaster General's ("Potter") cost bill.  On

October 6, 2010, this court issued an Opinion and Order (Docket No. 36, amended October 8, 2010,

by Docket No. 38) granting Potter's motion for summary judgment on plaintiff Erick T. Moore's

("Moore") discrimination claims.  Potter, as the prevailing party, now seeks to recover $1,085.65 in

costs.  The court grants in part and denies in part Potter's motion, and awards Potters $585.25 in total

OPINION AND ORDER                              1

costs.

## Background

Moore has worked for the post office since 1993. In this action he alleged race discrimination based on Potter's failure to promote him, a hostile work environment, and retaliation for filing a prior discrimination lawsuit. On October 6, 2010, the court granted Potter's summary judgment motion and dismissed all of Moore's claims. On October 18, 2010, Potter filed his cost bill. Moore has filed no objection to that cost bill.

## Standards

Costs "should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). The specific items a prevailing party may recover as costs are listed in 28 U.S.C. § 1920. Under 28 U.S.C. § 1924, "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." This court's Local Rules also provide:

LR 54-1 Costs - Other than Attorney Fees (See Fed. R. Civ. P. 54(d)(1))

(a) Filing Requirements (See 28 U.S.C. §§ 1920-24)

(1) Bill of Costs: Not later than fourteen (14) days after entry of judgment or receipt and docketing of the appellate court's mandate, the prevailing party may file and serve on all parties a Bill of Costs that provides detailed itemization of all claimed costs. The prevailing party must file an affidavit and appropriate documentation.

(2) Verification: The Bill of Costs must be verified as required by 28 U.S.C. § 1924.

OPINION AND ORDER                          2

Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party; if a district court departs from that presumption, it must provide an explanation so that the appellate court can determine whether the district court abused its discretion. *See, e.g., Association of Mexican-American Educators* v. *State of California,* 231 F.3d 572, 592-93 (9th Cir. 2000) (en banc) (if disallowing costs, the district court should "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs."). *See also Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003) (district court "need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award"). Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in §1920, *Alflex Corp. v. Underwriters Lab., Inc.,* 914 F.2d 175, 177 (9th Cir. 1990) (per curiam), and the trial judge has wide discretion in awarding costs under FRCP 54(d)(1). *Arboireau v. Adidas Salomon AG*, No. 01-105-ST, 2002 WL 31466564, at *4 (D. Or. June 14, 2002).

*Discussion*

Potter seeks to recover costs only in one category, deposition transcripts. A prevailing party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case[.]" 28 U.S.C. § 1920(2). "Depositions are 'necessary' if introduced into evidence or used at trial for impeachment or cross-examination." *Arboireau*, 2002 WL 31466564, at *5. The cost of a deposition not used at trial still may be recovered "if taking the deposition was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion." *Id.* Disallowance of expenses for depositions not used at trial is within the district court's discretion. *Washington State Dep't. of Transp. v. Washington Natural Gas Co., et. al.*, 59 F.3d 793, 806 (9th Cir. 1995). However, in

OPINION AND ORDER               3

calculating award of costs, a court may, it its discretion, tax deposition and copying costs even if the items in question were not used at trial. *Sea Coast Foods, Inc. v. Lu-Mar Lobster and Shrimp, Inc.*, 260 F.3d 1054 (9th Cir. 2001).

Potter seeks to recover the $1,085.65 total cost for the deposition transcripts of six witnesses, Luther Johnson, Timothy Chamberlain, Marc Kersey, Reba Kersey, Duncan Santoro, and Erick Moore. Potter's cost bill contains the verification required under 28 U.S.C. § 1924 that the costs requested were "necessarily incurred in this action." The attachment to the cost bill, which lists the names of the six witnesses, states that the $597.80 cost for the Santoro transcript represents a "total bill for copies of the depos taken by Moore Henderson (Chamberlain, [Marc] Kersey, [Reba] Kersey, and Santoro". Individual amounts are attributed to the Johnson and the Moore depositions. Potter does not explain how he used each transcript in the case so that the court can determine whether each deposition "was reasonable as part of the pretrial preparation of the case rather than merely discovery for the convenience of counsel, or if the deposition was required for a dispositive motion."

A review of the court's docket shows that Potter actually used only the deposition transcripts of Moore and Reba Kersey to support his summary judgment motion. Excerpts of Moore's July 16, 2009, deposition transcript were attached to the declaration of his counsel, filed in support of his initial motion. *See* May 17, 2010, Declaration of Katherine C. Lorenz in Support of Defendant's Motion for Summary Judgment ("First Lorenz Declaration"; Docket No. 20), Exs. B and C.[1] Excerpts of Reba Kersey's deposition transcript were attached to Lorenz's second declaration, filed

---

[1] Exhibit A to the First Lorenz Declaration is an excerpt from Moore's deposition taken in the prior discrimination lawsuit against Potter. The attachment to Potter's cost bill in this case shows that Potter seeks costs only for the excerpts from Moore's deposition taken in the current case. *Cf. Moore v. Potter*, 08-CV-1007-BR (D. Or.), Docket No. 55, at 3 (listing Moore's prior deposition as dated May 7, 2009.

OPINION AND ORDER                    4

in support of Potter's reply.  *See* June 24, 2010, Declaration of Katherine C. Lorenz in Support of

Defendant's Motion for Summary Judgment ("Second Lorenz Declaration"; Docket No. 33), Ex. A.

The transcripts of the other witnesses' depositions were not submitted in support of Potter's

summary judgment motion or reply.

Without any basis to determine how Potter used the transcripts of Chamberlain, Marc Kersey,

Santoro, and Johnson, the court is unable to determine whether Potter obtained those transcripts for

his counsel's convenience or for pretrial preparation.  The record in this case demonstrates that the

transcripts were not required for Potter's dispositive motion, as Potter never cited to the depositions

of any of these witnesses to support his motion or his reply.  The docket also shows that the

transcripts were not submitted in connection with any other filing in the case.  Consequently, the

court concludes that the cost of these depositions transcripts is not recoverable.

The remaining question is what portion of the total $1,085.65 deposition transcript cost Potter

may recover.  The $435.80 cost of the Moore transcript is recoverable because Potter used it

extensively to support his motion; thus, the court awards that cost.  The cost of the Reba Kersey

deposition transcript also is recoverable because Potter used it to support his summary judgment

reply, but Potter's cost bill does not attribute an individual amount to Reba Kersey's transcript.

Instead, the cost for the copy of the Reba Kersey transcript is included as part of the $597.80 amount

that the attachment indicates was the total bill "for copies of depos taken by [court reporter] Moore

Henderson (Chamberlain, [Marc] Kersey, [Reba] Kersey and Santoro)".  Dividing that total cost by

four, however, the amount attributable to the Reba Kersey deposition transcript is $149.45, and this

amount is recoverable by Potter.  The court awards this cost as well.

OPINION AND ORDER                   5

*Order*

For the reasons explained above, Potter's cost bill (Docket No. 39) is GRANTED in part and DENIED in part, and Potter is awarded $585.25 in total costs.

IT IS SO ORDERED.

Dated this  17  th day of November, 2010.

JOHN V. ACOSTA
U.S. Magistrate Judge

OPINION AND ORDER                6